In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00224-CV**
_____

**IN THE INTEREST OF J.F.C. AND J.T.C.**

**On Appeal from the 418th District Court
Montgomery County, Texas
Trial Cause No. 12-06-07018-CV**

**MEMORANDUM OPINION**

This is an appeal from a judgment that resulted in the termination of the parental-rights of the appellants, Mother and Father, to their children J.F.C. and J.T.C. Mother and Father filed separate briefs, and each parent argues the judgment the trial court issued is void because it failed to commence the trial before the statutory deadline that applies to suits filed by the Texas Department of Family and Protective Services to terminate a parent's rights.[1] In its response, the Department

[1] *See* Tex. Fam. Code Ann. § 263.401.

1

concedes the trial court failed to commence the trial by the required statutory deadline. The Department "respectfully requests that this case be reversed."

We reverse the judgment and dismiss the suit without prejudice to the Department's rights.

## Background

The Department sued Mother and Father seeking to terminate their rights to J.F.C. and J.T.C. on September 21, 2017. Less than three weeks later, the trial court named the Department as J.F.C.'s and J.T.C.'s temporary managing conservator. For the purpose of applying the statutory deadline, the record in this case shows the trial on the merits commenced on May 21, 2019. By then, twenty months had passed since the Department filed suit, exceeding the commencement deadline in the Family Code.[2]

## Analysis

Generally, section 263.401 of the Family Code requires trial courts to commence trials on the merits of suits filed by the Department affecting the parent-child relationship within one year.[3] But upon finding "that extraordinary circumstances necessitate the child remaining in the temporary managing

---

[2] *Id.*

[3] *Id*. § 263.401(a).

2

conservatorship of the [D]epartment" is in the child's best interest, the court may retain the Department's suit on its docket for a period not to exceed an additional 180 days.[4] If the trial court fails to commence the trial within the deadline, the "suit is terminated and the suit is automatically dismissed without a court order."[5] Extensions beyond the 180-day extension authorized by section 263.401 are not allowed.[6]

In this case, the trial did not commence within the period required by section 263.401.[7] Thus, the Department's suit had already been dismissed by operation of law by the time the trial occurred.[8]

We sustain Mother's and Father's issues. We reverse the June 26, 2019 order terminating Mother's and Father's rights and render judgment dismissing the Department's suit without prejudice.[9]

REVERSED AND RENDERED.

---

[4] *Id.* § 263.401(b).

[5] *Id.* § 263.401(c).

[6] *Id.*

[7] *Id.* § 263.401.

[8] *Id.*

[9] *See id.* § 263.401(c); Tex. R. App. P. 43.2(c).

 

 

 

_____
HOLLIS HORTON
Justice

Submitted on September 24, 2019
Opinion Delivered November 21, 2019

Before McKeithen, C.J., Kreger and Horton, JJ.

4